UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIAM FLORES,

    Plaintiff,

v.                                       Case No. 3:22cv22213-RV-HTC

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff William Flores, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to an allegedly excessive use of force at Santa Rosa Correctional Institution ("SRCI"). ECF Doc. 1. After reviewing the complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history.

**I.    Background**

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Suwannee Correctional Institution. His complaint concerns an incident which occurred at SRCI on May 28, 2021. He alleges that after he refused a transfer to the food service dormitory, the Defendants—three correctional officers—used, or

failed to prevent the use of, excessive force against him.  Based on the foregoing, Plaintiff alleges the Defendants violated his rights under the Fourth and Eighth Amendments.  As relief, he seeks damages.

## II.     Legal Standard

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## III.    Failure to Accurately Disclose Litigation History

Section VIII of the Northern District of Florida's civil rights complaint form, titled "Prior Litigation," asks the following question: "Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?"  ECF Doc. 1 at 18.  Plaintiff answered "yes" to the question and, in the section asking him to identify all such lawsuits, disclosed two cases, *Flores v. Sec'y, Dep't of Corr. et al.*, M.D. Fla. Case No. 8:06cv1756-JSM-TGW and *Flores v. Ober et al.*, M.D. Fla. Case No. 8:08cv178-EAK-TGW.  *Id*.  At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct."  *Id*. at 19.  Thus, Plaintiff has in effect stated

that at the time he filed this action, he had filed only two cases in federal court either challenging his conviction or relating to his conditions of confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms. Upon such an investigation, the undersigned takes judicial notice Plaintiff previously filed the case *Flores v. Jones et al.*, M.D. Fla. Case No. 6:19cv564-GKS-GJK,[1] which alleged Plaintiff was subject to retaliation for filing grievances while confined at Central Florida Reception Center. Plaintiff should have disclosed the existence of this case in response to the questions on the complaint form but did not.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Also, Plaintiff knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case.***" ECF Doc. 1 at 19 (emphasis in original). Nonetheless, Plaintiff made at least one false representation in his complaint. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose

---

[1] This case bears Plaintiff's FDOC inmate number (T16425), which confirms he filed it.

of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious'

under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

## IV. Conclusion

Based on the foregoing, the undersigned finds Plaintiff made at least one false representation under penalty of perjury in the complaint by failing to fully disclose his prior litigation. Such conduct is considered "malicious" under 28 U.S.C. § 1915(e)(2)(B)(i) and is grounds for dismissal.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 13th day of January, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv22213-RV-HTC

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:22cv22213-RV-HTC